PEOPLE ET AL., PETITIONERS, v. ARRILLAGA, RESPONDENT.

PETITION for a Writ of Mandamus Directed to the District Attorney for the First District of San Juan.

No. 207.—Decided July 13, 1922.

MANDAMUS—ADMINISTRATIVE DUTY—PUBLIC INTEREST.—Courts will avoid intervening by mandamus in the domestic, administrative or internal relations of another department of the Government, especially when in the duty sought to be enforced the interest of the public is remote or indirect. The duty sought to be enforced in this case proceeds from the will of a superior officer and the remedy for disobedience is removal.

The facts are stated in the opinion.

The Attorney General and Messers. M. A. Muñoz and J. A. Loret for the petitioners.

Messrs. J. B. Soto, A. Aponte and R. Martínez Nadal for the respondent.

Personal opinion of MR. JUSTICE WOLF.

In the opinion of Mr. Justice Franco Soto on file there is a careful presentation of the facts on which I rely.

The duty here sought to be imposed is one that arises by the interrelation of two officers of the government and hence is purely administrative. It is a matter that arose in the administration of the office of the Attorney General and is executive. No direct relation with the general public is involved. The courts should not intervene by mandamus to exercise control over the interior relations of an office. My reading of the authorities convinces me that courts will generally avoid intervening in the domestic, administrative or internal relations of another department of the government especially where in the duty sought to be imposed the interest of the public is remote or indirect. Some of these general considerations, I think, have been well developed in the opinion of Mr. Justice Franco Soto.

The law of mandamus provides that the writ may issue to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust or station. As any other district attorney and perhaps any other lawyer may be assigned to perform the duty sought to be compelled, I deem it to be one not specially resulting from the office of district attorney of San Juan. The duties specially imposed or resulting from the office of district attorney for San Juan are in San Juan. A duty to absent himself from his proper jurisdiction is not one specially resulting from his office, trust or station, but, assuming the power, is a duty imposed by the order of a chief.

The duty sought to be compelled, despite the written laws cited by the Attorney General, is one which proceeds from the will of a superior officer, no matter how commendable may be his motives. The remedy for disobedience in such case is removal. In the reported cases cited, so far as I have had a chance to examine them, where the courts have said that removal was not an adequate remedy, there was a direct relation with the public involved and a duty specially enjoined by the law independently of the orders of a particular chief.

By reason of the nature of the duties of the office of the district attorney it may be said that the performance here sought to be compelled is not merely ministerial but involves a discretion. If the district attorney was in the midst of the trial of a case he could not be compelled by mandamus to abandon it. Where a titular district attorney may have cases to present and other duties to perform pertinent to his office, the question of when, how and in what manner he should abandon his office will frequently involve discretion. In 26 Cyc. 200, it is said that a district attorney is not a ministerial officer and mandamus will not as a general rule issue to compel him to act. At least, before a court orders him to leave his post it should be sure that there is no discretion

involved. 18 R. C. L. 125, note 18. I can conceive of a court by mandamus ordering a district attorney to go to his post, but not away from it. If he is not a fit person, his removal is the remedy.

The Governor, the appointing power, has ordered the district attorney not to go to Mayagüez. A conflict arose as to which order the district attorney should obey. This conflict increases the difficulty of deciding where his duty lay—at his post or elsewhere. This decision involves discretion. I am aware of the opinions of the other judges that the order of the Governor annulled the order of the Attorney General. While I do not dissent from this view I have not carefully considered it and I find the discussion unnecessary for the purposes of my conclusion.

For these reasons I am of the opinion that the writ should not issue.

*Writ denied.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Aldrey dissented.